**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MANUEL TARANGO, JR., Petitioner, vs. E.K. McDANIEL, Respondent.

Case No. 3:10-CV-00146-RCJ-VPC

ORDER

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by Manuel Tarango, Jr. with the assistance of counsel. Before the Court is respondents' Motion to Dismiss (ECF No. 22) and petitioner's Opposition (ECF No. 23). Respondents did not file a reply.

**I. Background**

A Judgment of Conviction was entered against petitioner on February 8, 2006 following a jury trial, wherein he was convicted of burglary with the use of a deadly weapon, attempted robbery with the use of a deadly weapon, conspiracy to commit robbery with the use of a deadly weapon, three counts of battery with the use of a deadly weapon and attempted murder with the use of a deadly weapon. Exhibit 48.[1]

The event giving rise to the charges was a robbery wherein the State alleged that petitioner and several other persons entered a bar filled with off-duty police officers and committed armed robbery, resulting in one of the police officers being shot several times and one of the robbers

[1] The exhibits referenced in this Order were submitted by petitioner in support of his First Amended Petition and are found in the Court's record at docket ## 18-20.

killed. The surviving robbers escaped. Petitioner was the only individual brought to trial. Petitioner claimed to be a victim of mistaken identity. Exhibit 12, pp. 2-10. The trial was attended by numerous Las Vegas Metro police officers. Exhibit 77.

At the completion of the evidence, the jury began its deliberations, which continued for two days. After an initial five hours of deliberation, the jury sent notes to the judge posing various questions. Exhibit 23. A note regarding a stalemate it had reached because a of "problem juror" who had doubts "beyond the limit of reasonable doubt soon followed. Exhibit 25; *see also* exhibits 23 and 27. The court advised the jury to continue its deliberations. Exhibit 23, p. 12. Ultimately a guilty verdict was reached. Exhibit 30. Two days later, Juror #2, the juror with the "problem," wrote a letter to the court in which he stated his guilty vote had been the result of having been followed to the courthouse on the second day of deliberations by a Metro squad car, which caused him to "conclude Metro somehow knew who [he] was and knew of [his] unwillingness to convict." He concluded that he had "relinquished [his] vote under duress." Exhibit 31. When the court did not respond to the letter, the juror sent a copy to petitioner's defense counsel, who filed a motion to overturn the verdict. Exhibit 33.

After a hearing wherein the juror was questioned by the judge, the motion was denied. Exhibit 40, p. 41. The juror wrote a second letter to the court, exhibit 41, p. 7, which was the basis for a motion to reconsider the denied motion to overturn the verdict. *Id.* That motion was also denied.

## II. Procedural History

Following his conviction and denial of the motions to set aside the verdict, the judgment of conviction was entered on February 8, 2006. Exhibit 48. Petitioner pursued a direct appeal. Exhibit 52. The appeal rested on a single claim that petitioner was entitled to a new trial because there had been "misconduct whether real or perceived which coerced a juror into changing his verdict, not based on the evidence at trial." *Id.,* p. 12. The conviction was affirmed by the Nevada Supreme Court on September 25, 2007. Exhibit 56. Remittitur issued December 3, 2007. Exhibit 59.

Petitioner next filed a state post-conviction petition in October of 2008, raising five claims of ineffective assistance of trial counsel, one ground of ineffective assistance of appellate counsel and an claim of cumulative error. Exhibit 63. Following a hearing, without petitioner's presence, the trial court denied the petition. Exhibit 69. The court entered Findings of Fact, Conclusions of Law and Order and petitioner appealed. Exhibit 70 and 72. The Nevada Supreme Court affirmed on February 4, 2010.

Petitioner submitted his original petition in this Court on March 15, 2010, and the Federal Public Defender was appointed to represent him. (ECF Nos. 1 and 9.) An amended petition was filed on January 3, 2011 (ECF No. 17) and respondents nowmove to dismiss the petition arguing it contains unexhausted grounds for relief (ECF No. 22). Petitioner opposed the motion (ECF No. 23) and respondents do not reply. The motion to dismiss shall be granted in part and denied in part.

## III. Discussion

### A. Exhaustion

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984). However, "...new factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999), *citing Chacon v. Wood,* 36 F.3d 1459, 1568 (9th Cir. 1994).; *accord, Lopez v. Schriro,* 491 F.3d 1029, 1040 (9th Cir. 2007).

Respondents argue that ground 1, ground 2(d) and ground 3(a) and (b) were not fairly presented to the state court for review and the mixed petition must be dismissed.

Ground One

Ground one of the federal petition reads:

> Tarango was convicted because one of the jurors believed that the State was trying to intimidate him, and not because he believed Tarango was guilty. As such, Tarango is incarcerated in violation of his right to a Fair Trial, an Impartial Jury, and Due Process under the 6th and 14th Amendments of the United States Constitution.

Respondents argue this ground was not exhausted in state court because petitioner concedes the ground was not federalized[2] and because the federal cases cited in the direct appeal briefs were not specifically on point or relevant to the claim. Respondents further suggest that the claims are different because petitioner characterizes the claim in the federal petition as juror misconduct while the federal cases cited in the state petition related to juror fairness and bias.

---

[2] Ground 3(a) of the federal petition contends: "Counsel was ineffective to the extent that he failed to litigate or federalize Ground One on direct appeal." ECF No. 17, p. 26.

The Court finds these arguments unpersuasive. First, it is entirely proper for a litigant to proffer alternate theories of relief in a pleading. Moreover, the wording of the claim in ground 3(a) is qualified by the language: "to the extent that" counsel failed. Thus, the Court does not consider ground 3(a) to be a concession on the part of petitioner that he did not federalize this claim in the state courts.

Second, a review of the extensive brief provided to the Nevada Supreme Court on direct appeal, which addresses this claim, makes it readily apparent that petitioner has presented both the operative facts and the relevant federal law to the state court for its consideration. Any new or slightly differing facts presented to the separate courts do not change the claims in this instance. *See, Weaver,* 197 F.3d at 364; *Lopez,* 491 F.3d at 1040.

Ground one is clearly exhausted and will proceed on its merits.

Ground 2(d)

Next, respondents argue that ground 2(d) is not exhausted because petitioner used the term "prosecutor's description" of the reasonable doubt instruction in this Court, but did not use that exact language in state court. Respondents' arguments as to the ground for relief are unfounded.

Ground 2(d) of the instant petition claims: "Counsel was ineffective for not objecting to the State's improper description of the reasonable doubt standard." Petition, p. 24 9emphasis added. A review of the state post-conviction petition reveals that this claim was presented to both the district court and the Nevada Supreme Court as part of ground four of the post-conviction petition. There petitioner argues that his lawyer was ineffective for failing to object to several instances of prosecutorial misconduct, including "when the prosecution argued the reasonable doubt instruction to the jury." Exhibit 63, p. 24. In both claims, petitioner cites from the same part of the closing argument to illustrate his claim. Ground 2(d) has been fairly presented to the Nevada Supreme Court for its review and consideration. It is not necessary for petitioner to repeat his original claim verbatim to this Court in order to proceed. *Bland,* 20 F.3d at 1473. The ground is exhausted and shall proceed on its merits.

Ground 3(a)

This ground for relief claims that appellate counsel was ineffective "to the extent that he failed to raise or to 'federalize,' any part of Ground One on direct appeal"... Petition, p. 26. Respondents argue that petitioner did not raise any such claim to the state courts. Respondents are correct. While petitioner argues the claim was exhausted generally through his state post-conviction petition and accompanying brief, this Court finds that the claim made to the state court addressed the actions of trial counsel, not appellate counsel, as he argues here. The distinction is important and makes ground 3(a) unexhausted.

Ground 3(b)

Finally, respondents argue that ground 3(b), which asserts that counsel was ineffective to the extent that he failed to raise the issues described in ground two on direct appeal, is unexhausted because it differs from the state court *Brady* claim raised as ground three in the state court post conviction proceedings.

Ground 3(b) was, in fact, exhausted in the state post-conviction proceedings as ground six of that petition. *See* Exhibit 63, pp. 29-31. In both the state and this gederal petition, petitioner complains that trial counsel was ineffective for failing to properly litigate the DNA evidence, for failing to object to instances of prosecutorial misconduct, for failing to object to the reasonable doubt instruction, for failing to object to the prosecutor's arguments regarding reasonable doubt, and for failing to investigate and properly litigate the holdout juror issue. Ground 3(b) shall proceed on its merits.

**IV. Conclusion**

The Court, having reviewed the First Amended Petition and having compared it with the direct appeal briefs and the post-conviction briefs in the record, finds that ground 1, ground 2(d) and ground 3(b) are, in fact, exhausted. Ground 3(a) was not presented to the state court, making this a mixed petition under the holding of *Rose v. Lundy,* 455 U.S. 509, 521-22 (1982), As a result, petitioner must make a choice as to whether he wants to abandon the unexhausted claim, allow the petition to be

dismissed without prejudice to allow him to return to state court, or attempt to make a showing of good cause for his failure to exhaust and seek a stay and abeyance in order to return to state court to exhaust that claim. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART**. The Court finds ground 3(a) to be unexhausted in state court.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this Order to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his desire to have the petition dismissed without prejudice or to abandon the unexhausted claim (grounds 3(a)) by filing a sworn declaration, signed by the petitioner, indicating his desire as to these two options. This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.

**IT IS FURTHER ORDERED** that should petitioner choose to abandon the unexhausted claim, the Answer to the surviving claims shall be filed 45 days thereafter.

Dated this 25th day of April, 2011.

UNITED STATES DISTRICT JUDGE