FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 3 0 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL TARANGO, JR., | 3:10-cv-00146-RJC-VPC |
| Petitioner, | **ORDER** |
| vs. | |
| E.K. MCDANIEL et al., | |
| Respondents. | |

Petitioner Manuel Tarango, Jr., a prisoner in state custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons given herein, the Court grants the petition.

The relevant factual and procedural history of this matter has been aptly detailed multiple times in prior docket entries, and the Court will not reproduce it here. (*See, e.g.*, Petition, ECF No. 10; Order of Dismissal, ECF No. 34; Mem. Op., ECF No. 44.) Suffice it to say that the Ninth Circuit vacated the dismissal of this federal habeas petition, and remanded the matter with instructions to hold an evidentiary hearing for the purpose of determining whether the "contact" alleged by Juror No. 2 had a prejudicial effect on the jury's verdict.

In accordance with the appellate panel's instructions, this Court held a hearing on July 13, 2017. Based on the record developed at the hearing, and for reasons stated on the record, the Court finds there was prejudice. The Court specifically does not find that any "contact" or "communication" occurred to give rise to a presumption of prejudice, as such a finding is not

supported by the record. Rather, the Court assumes there was a "contact," based on the Ninth Circuit's conclusion that the same assumption was made by the Nevada Supreme Court. Therefore, based on that assumed contact and this Court's finding of prejudicial effect, the Court grants the writ.

## CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the State shall have ninety (90) days from the date of this Order to decide whether to retry Petitioner for the charges brought against him in the underlying criminal case, and to notify the Court of its decision.

IT IS FURTHER ORDERED that the State shall have one hundred eighty (180) days from the date of this Order to reinstitute proceedings against Petitioner.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

August 30, 2017